IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

```
FILED
OCT 23 2020
CLERK, U.S. DISTRICT COURT
      NORFOLK, VA
```

**ABRAHAM ATKINS,**

   **Petitioner,**

v.              **CRIMINAL NO. 2:17cr116**

**UNITED STATES OF AMERICA,**

   **Respondent.**

## *MEMORANDUM OPINION AND ORDER*

Before the Court is Petitioner Abraham Atkins's ("Petitioner") Motion for Compassionate Release. ECF Nos. 584 and 591. For the reasons stated below, Petitioner's Motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

Petitioner was originally indicted on a 25-count indictment related to his alleged involvement in a scheme to possess and distribute heroin. ECF No. 3. Petitioner ultimately pled guilty to Count One of the indictment, charging Petitioner with Conspiracy to Manufacture, Distribute, and Possess with Intent to Manufacture and Distribute One Kilogram or More of Heroin, in violation of 21 U.S.C. § 846, 841(a)(1) and 841 (b)(1)(A). ECF No. 96. Petitioner and several co-conspirators were involved in a conspiracy to purchase, manufacture, distribute, and possess with intent to distribute heroin from 2013 through August 2017. ECF No. 586.

On August 14, 2017, Petitioner was arrested on the outstanding charges within the indictment. *Id.* On December 13, 2017, Petitioner was sentenced to a total term of 240 months imprisonment plus 10 years of supervised release. ECF No. 239. On January 11, 2019, the Court reduced Petitioner's sentence to 120 months imprisonment. ECF No. 505.

On August 3, 2020, Petitioner filed a motion for compassionate release based upon the ongoing threats COVID-19 imposes. ECF No. 584. The Court then ordered the appropriate responses on August 7, 2020. ECF No. 585. Petitioner supplemented his motion on September 8, 2020. ECF No. 591. The Government responded in opposition on September 23, 2020. ECF No. 597. Petitioner replied to the Government's response on October 5, 2020. ECF No. 599. Accordingly, this matter is ripe for disposition.

## II. LEGAL STANDARD

### A. The Exhaustion Requirement

A district court may modify a petitioner's sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Federal Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release is generally required to exhaust his or her administrative remedies prior to bringing a motion before the district court. *Id.* Courts may; however, waive the exhaustion requirement under exigent circumstances. *Coleman v. United States*, 2020 WL 3039123, at *3–*4 (E.D. Va. June 4, 2020) (discussing the reasons "judicial waiver of the exhaustion requirement is permissible in light of the extraordinary threat certain inmates face from COVID-19").

### B. The Compassionate Release Standard

As amended by the FIRST STEP Act, a court may modify a term of imprisonment on the motion of the petitioner after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary and compelling reasons" was previously defined by the United States Sentencing

2

Commission ("Sentencing Commission") in U.S.S.G. §1B1.13, Application Note 1. Before the passage of the FIRST STEP Act, the Sentencing Commission provided that a sentence may be modified in light of the petitioner's medical condition, age, or family circumstances and further defined the limits under which a sentence reduction may be given under those justifications. U.S.S.G. §1B1.13, n. 1 (A)–(C). The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n. 1 (D). Use of the "catch-all provision" prior to the FIRST STEP Act was severely restricted because it required approval from the Bureau of Prisons before an individual could petition the district court for relief. *Id.*

However, U.S.S.G. §1B1.13 is now outdated following the passage of the FIRST STEP Act, which allows individuals to petition the district court directly without clearance from the Bureau of Prisons. As such, U.S.S.G. §1B1.13 is merely advisory and does not bind the Court's application of § 3582(c)(1)(A). *McCoy v. United States*, 2020 WL 2738225, at *4 (E.D. Va. May 26, 2020); *see also United States v. Lisi*, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020) ("[T]he Court may independently evaluate whether [petitioner] has raised an extraordinary and compelling reason for compassionate release ... [but § 1B1.13's policy statement] remain[s] as helpful guidance to courts...."); *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("[T]he Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive").

Additionally, and importantly, a petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). Instead, the Court may consider a combination of factors, including — but not limited to — those listed in U.S.S.G.

§1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i).

## III. DISCUSSION

### A. The Exhaustion Issue

Petitioner submitted a request for compassionate release to the BOP on June 13, 2020. ECF No. 591. The warden denied Petitioner's request on June 19, 2020. *Id.* Petitioner then filed the present action on August 3, 2020. ECF No. 584. Accordingly, Petitioner complied with the exhaustion requirements under § 3582(c)(1)(A). Furthermore, this Court has previously held that the exhaustion requirement within § 3582(c)(1)(A) may be waived in the midst of the COVID-19 pandemic. *See supra* Part II.A; *Coleman v. United States*, 2020 WL 3039123, at *3–*4 (E.D. Va. June 4, 2020). Therefore, although the Court could waive the exhaustion requirement based upon the ongoing threats COVID-19 imposes, waiver is not necessary since Petitioner meets the requisite exhaustion requirements.

### B. Resolution of Petitioner's Request for Compassionate Release

*1. Consideration of the Factors Listed in 18 U.S.C. § 3553(a)*

In its consideration of the factors listed in 18 U.S.C. § 3553(a), the Court notes that Petitioner has an extensive criminal history. The Presentence Report reveals that Petitioner had a Criminal History Category VI with three prior drug-related convictions. ECF No. 586. In March of 2004, Petitioner was caught in possession, with the intent to distribute, both cocaine and heroin in the city of Chesapeake, Virginia. *Id.* A month later, Petitioner was caught in possession, with the intent to distribute, cocaine in the city of Portsmouth, Virginia. *Id.* Petitioner was later convicted for both offenses. *Id.* Two years later, Petitioner was caught in possession, with the intent to distribute, an imitation substance in the city of Portsmouth, Virginia. *Id.* Petitioner then

served multiple sentences for these convictions in Virginia Department of Corrections custody until his early release in December of 2013. *Id.* Shortly after Petitioner's release, Petitioner continued to buy, use, and sell drugs through Petitioner's arrest for the present offenses. *Id.* Undoubtedly, Petitioner seems to continually repeat the conduct that has landed him in prison time and time again.

Furthermore, at the time of sentencing the statutory maximum for Petitioner's offense was Life imprisonment. After the reduction in his sentence, Petitioner has served approximately three years of his now 120-month sentence. Based upon the foregoing, Petitioner's offense conduct strongly implicates the need for a sentence "to reflect the seriousness of the offense…and to provide just punishment." 18 U.S.C. § 3553(a)(2)(A)–(B).

The Court also considers that Petitioner has no disciplinary actions on his Bureau of Prisons disciplinary record. ECF No 591 at 21. He has even participated in rehabilitative programming and obtained several certifications, including a commercial driver's license course. *Id.* However, after full consideration of the § 3553(a) factors, the Court concludes that the purposes of Petitioner's sentence remain unfulfilled.

2. *Evaluation of "Extraordinary and Compelling Reason"*

In evaluating whether an "extraordinary and compelling reason" for a sentence reduction has been established, the Court considers the severity of the ongoing COVID-19 outbreak in federal prisons. *See e.g. Wilson v. Williams*, 2020 WL 2542131, at *1–2 (N.D. Ohio May 19, 2020) (documenting the BOP's ineffective efforts to curtail the spread of the virus within FCI Elkton). Specific to each petitioner, the Court examines the Centers for Disease Control's list of risk factors for severe COVID-19 complications when assessing compassionate release motions during the pandemic. *United States v. Lewellen*, 2020 WL 2615762, at *4 (N.D. Ill. May 22, 2020).

Here, Petitioner offers his hypertension, obesity, and edema as underlying conditions that may exacerbate a potential COVID-19 infection. ECF No. 591 at 2. As a preliminary matter, Petitioner's edema is not considered an ailment that places Petitioner at a high risk for severe illness from COVID-19.[1] The Court notes that the CDC lists obesity as a medical condition that is at an "increased risk of severe illness from COVID-19." *Id.* The CDC also lists hypertension as a medical condition that *may* cause an "increased risk of severe illness from COVID-19." *Id.* Despite Petitioner's ailments, the Court is unable to conclude that Petitioner is particularly vulnerable to COVID-19 based upon Petitioner's seemingly controlled hypertension and obesity. Upon review of Petitioner's medical records, Petitioner's blood pressure appears to be stable through continued use of various medications. ECF No. 591-1 at 2. Furthermore, while Petitioner maintains a BMI of 37, indicating that Petitioner is in fact obese, Petitioner is only 38 years old and appears to maintain no cardiovascular or respiratory diseases. *Id.* Based upon the foregoing reasoning, the Court is unable to find an extraordinary and compelling reason for relief after considering the unfulfilled purposes of Petitioner's original sentence.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion is **DENIED**. The Clerk is **DIRECTED** to provide a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED.**

Norfolk, Virginia
October 23, 2020

Raymond A. Jackson
United States District Judge

---

[1] *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION (Sept. 11, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.